UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BRIAN O.[1],
    *Plaintiff*,

v.

KILOLO KIJAKAZI,
    *Defendant.*

No. 3:22-cv-00975 (VAB)

**RULING AND ORDER ON MOTION TO REVERSE THE DECISION OF THE COMMISSIONER AND MOTION TO AFFIRM THE DECISION OF THE COMMISSIONER**

For the reasons set forth in Magistrate Judge Robert A. Richardson's Recommended Ruling, ECF No. 25, Plaintiff's motion to reverse is **GRANTED** and Defendant's motion to affirm is **DENIED**. The decision of the Commissioner is **VACATED** and **REMANDED** for rehearing and further proceedings in accordance with this Ruling and Order.

As to Defendant's objection to the Recommended Ruling, one principally, if not wholly, based on an argument that Judge Richardson relied on an outdated standard, the Court disagrees. *See, e.g.*, *Victoria M. v. Kijakazi*, No. 3:21-cv-1575 (VAB), 2023 WL 2631774, at *11 (D. Conn. Mar. 24, 2023) ("[E]ven though a treating physician's opinion is no longer entitled to controlling weight, an ALJ may be required to request a functional assessment from a treating source 'when no such assessment exists in the record or when any such assessments are insufficient.'") (quoting *Jackson v. Kijakazi*, 588 F. Supp. 3d 558, 577 (S.D.N.Y. 2022)); *Almonte v. Comm'r of*

---

[1] In light of the privacy concerns outlined in the District of Connecticut's Electronic Filing Policies and Procedures, for purposes of this Ruling and Order, the Plaintiff will be identified only by his first name and last initial. *See* United States District Court for the District of Connecticut, Electronic Filing Policies and Procedures 7–8 (Jan. 9, 2023).

1

*Soc. Sec.*, No. 21-cv-3091 (PKC), 2022 WL 4451042, at *5 (E.D.N.Y. Sept. 23, 2022) ("As part of [the] obligation to develop the record, an ALJ must attempt to obtain medical opinions—not just medical records—from a claimant's treating physicians. . . . That obligation continues to exist even in cases involving claims filed after March 27, 2017, to which the 'treating physician rule' no longer applies.") (citing *Prieto v. Comm'r of Soc. Sec.*, No. 20-CV-3941 (RWL), 2021 WL 3475625, at *10–11 (S.D.N.Y. Aug. 6, 2021)); *Russ v. Comm'r of Soc. Sec.*, 582 F. Supp. 3d 151, 163 (S.D.N.Y. 2022) ("Although the treating physician rule has been abolished, the principle espoused by *Tankisi* still applies: whether remand is required because of failure to obtain an opinion from the claimant's treating physician depends on whether the ALJ could have reached an informed decision based on substantial evidence without it."); *see also Victoria M.*, 2023 WL 2631774, at *9 (noting that "[c]ourts have also held that ALJs erred by failing to develop the record when they had obtained RFC assessments but gave 'little weight' to each of them, leaving the ALJ with no persuasive medical opinions upon which to base the RFC.") (citing *Trombley v. Berryhill*, No. 1:17-cv-00131 (MAT), 2019 WL 1198354, at *4 (W.D.N.Y. Mar. 14, 2019)).

The Clerk of Court is respectfully directed to close the case.

**SO ORDERED** at Bridgeport, Connecticut, this 28th day of September, 2023.

    /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge